UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

PENDY'S RESTAURANT GROUP, LLC,            Case no. 25-43017-prh
                                                                    Chapter 11
                     Debtor.                          Sub-Chapter V
                                                                    Hon. Paul R. Hage

_____/

**RESPONSE TO MOTION FOR ORDER AUTHORIZING
ASSUMPTION OF NET LEASE AGREEMENT WITH
<u>COUVREUR FAMILY LIMITED PARTNERSHIP</u>**

       Couvreur Family Limited Partnership ("Landlord"), by and through one of its counsel, Plunkett Cooney, files its Response to the Debtor's Motion for Order Authorizing Assumption of Net Lease Agreement with Landlord and in support thereof would show this Court:

       1.     The Debtor has a lease agreement with the Landlord relating to property at 20930-20934 Mack Avenue in Grosse Pointe Woods, Michigan. The Debtor in its Motion to Assume the Lease attached as an Exhibit the original Net Lease Agreement (the "Initial Lease").

       2.     The parties, however, also entered into a First Amendment to Net Lease Agreement on August 1, 2023 (the "First Amendment," together with the Initial Lease, the "Lease"). A copy of this First Amendment is attached hereto and incorporated by reference herein as **Exhibit A**.

1

3. Pursuant to 11 USC §365, in order to assume an unexpired lease, the Debtor must either cure or provide adequate assurance that the Debtor will promptly cure defaults under the Lease, compensate or provide adequate assurance that the Debtor will promptly compensate a party other than the Debtor to such lease for any pecuniary loss to such party resulting from such default and provide adequate assurance of future performance under the lease.

4. The Debtor's Motion to Assume the Lease fails to comply with the statutory requirement of 11 USC §365. In particular, the Debtor does not propose curing the pre-petition defaults, but only post-petition defaults. However, in order to assume the Lease, both pre- and post-petition defaults need to be cured. Attached hereto and incorporated by reference herein as **Exhibit B** is a spreadsheet showing the amount owing to Landlord for the pre- and post-petition defaults. In order to assume the Lease, the Debtor will need to pay the amount shown on Exhibit B to cure the pre- and post-petition defaults on the day the Court enters the Order Assuming Lease.

5. In addition, Landlord has incurred attorney fees as a result of the Debtor's filing for bankruptcy in the amount of $13,794.10. Attached as **Exhibit C** are copies of the post-petition invoices. Pursuant to 11 USC §365(b)(1)(B) the Debtor must pay to Landlord its attorney fees which

represent the actual pecuniary loss to Landlord on the day the Court enters the Order Assuming the Lease.

6. The Debtor must also provide adequate assurance of future performance under the Lease as required by 11 USC §365(b)(1)(C). The Debtor's Motion to Assume fails to provide any adequate assurance of future performance. Such adequate assurance of future performance needs to be in the form of an additional security deposit of two (2) times the current monthly rent, being $12,000 to be paid on the day the Court enters the Order Assuming the Lease. The additional security deposit will help to protect the Landlord of any future defaults and provide a cushion to assure future performance. Indeed, although the time has passed for the Debtor to maintain, as current, post-petition payments under the Lease, the Debtor has yet to accordingly perform.

7. Landlord objects to any assumption of the Lease unless and until the Debtor cures at the time this Court enters the Order Approving the Assumption of the Lease all of the pre- and post-petition defaults, compensates Landlord for all its attorney fees incurred post-petition and provides a $12,000 security deposit, in addition to the existing security deposit, to provide adequate assurance of future performance. Unless the Debtor is willing and

able to comply with its statutory requirements, the Debtor's Motion to Assume Lease should be denied.

WHEREFORE Landlord respectfully prays that this Court deny the Debtor's Motion to Assume Lease, order the Debtor to pay all of the pre- and post-petition defaults to Landlord as well as Landlord's attorney fees incurred post-petition and a $12,000 security deposit for adequate assurance of future performance with all such funds paid on the day that this Court enters its Order Approving the Assumption of the Lease and for all other relief as is just and proper.

Respectfully submitted,

PLUNKETT COONEY

By: /s/DAVID A. LERNER
DAVID A. LERNER – P44829
MARC P. JERABEK – P65856
Attorney for Couvreur Family Limited Partnership
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 901-4010
dlerner@plunkettcooney.com
mjerabek@plunkettcooney.com

Dated: July 9, 2025

29341.23932/60942949.2

4

25-43017-prh    Doc 83    Filed 07/09/25    Entered 07/09/25 16:54:45    Page 4 of 4